UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHELSEA HOULE and DELIAH PLOSKI,
on behalf of themselves and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                               Case No.:

GOLD CLUB TAMPA, INC.,
d/b/a TAMPA GOLD CLUB,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CHELSEA HOULE and DELIAH PLOSKI, by and through the undersigned attorneys, on behalf of themselves and on behalf of all others similarly situated, bring this complaint against GOLD CLUB TAMPA, INC., d/b/a TAMPA GOLD CLUB ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA") and, in support thereof, states as follows:

## PRELIMINARY STATEMENT

1. This is a collective action brought under the FLSA, 29 U.S.C. § 201 *et seq.*, by Plaintiffs seeking unpaid minimum wages on behalf of themselves and on behalf of the putative class identified herein.

2. Plaintiffs and the putative class members were or are employed by Defendant as servers.

3. Plaintiffs and the putative class members are or were covered, non-exempt employees under federal wage and hour laws, and are entitled to minimum wage pay consistent with the requirements of these laws. Plaintiffs and the putative class are similarly situated under the FLSA, 29 U.S.C. § 216(b).

4. Defendant violated the FLSA by failing to pay Plaintiffs and the putative class minimum wage.

5. The putative class is made of all persons who are or have been employed by Defendant as servers at any time within the United States within three years prior to this action's filing date, through the date of disposition of this action ("the Collective Class Period").

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b).

7. Venue is proper because Defendant resides in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. Plaintiffs were employed by Defendant as servers at a gentlemen's club owned and operated by Defendant.

9. Plaintiffs were an "employee" of Defendant as that term is defined by the FLSA and, as a result, Plaintiffs were entitled to minimum wage compensation for all hours worked.

10. Plaintiffs and members of the putative class were Defendant's employees within the meaning of the FLSA, 29 U.S.C. § 203.

11. Defendant is a for-profit corporation that is authorized to do and is doing business in the State of Florida.

12. Defendant is an employer as defined under the FLSA, 29 U.S.C. § 203(d).

13. Defendant at all times relevant to this action was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, at relevant times to this action the annual gross sales volume of Defendant exceeded $500,000.00 per year.

14. Plaintiffs and the putative class, at all times relevant to this action, were engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s) while working for Defendant. Thus, Plaintiffs and the putative class are subject to the FLSA's individual coverage.

## GENERAL ALLEGATIONS

15. At various material times hereto Defendant paid Plaintiffs and putative class less than the applicable federal minimum wage in violation of the FLSA.

16. Defendant also failed to pay Plaintiffs all compensation owed. For example, Defendants routinely required Plaintiffs to "pay" to receive their paychecks.

17. Defendants also illegally violated the FLSA's tip-credit provision forcing Plaintiffs to share commissions with non-tipped employees, including the "couch manager" and/or the "door girl."

18. The putative class shares this same job category, job duties, and responsibilities.

19. Throughout the course of their employment with Defendants, Plaintiffs and the putative class worked certain hours during the week without receiving minimum wage compensation.

20. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiffs and the putative class.

21. Defendant's conduct is willful and in bad faith, and has caused significant damage to Plaintiffs and the putative class.

22. Notice of this action should be sent to all similarly situated individuals. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate minimum wage compensation in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of this lawsuit by providing an opportunity to join it. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COLLECTIVE ACTION ALLEGATIONS

### Count I – FLSA Minimum Wage Violations

23. Plaintiffs incorporate the above paragraphs as if fully set out herein.

24. Plaintiffs brings this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. §216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as Plaintiffs.

25. The FLSA requires each covered employer, including the Defendants here, to compensate all non-exempt employees minimum wage for all hours worked.

26. Plaintiffs and the similarly situated employees routinely worked without being paid at least minimum wage during the applicable time period.

27. The members of the putative class are similarly situated because they all were employed by Defendant in the same job category, were paid in the same manner, performed the same basic duties and assignments, they all shared the same position, and were all subject to Defendant's common policy and practice of failing to pay minimum wage.

28. This practice violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. As a result, Plaintiffs and the similarly situated employees suffered a loss of wages.

29. Defendant also failed to properly record Plaintiffs' hours. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the similarly situated employees, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §201 *et seq.*

30. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

## **PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiffs and all employees similarly situated who join in this action demand:

a. Designation of this action as a collective action on behalf of the Plaintiffs and the prospective Class they seek to represent pursuant to the FLSA and a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA putative class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. Judgment against Defendant for an amount equal to Plaintiffs' and the putative class' unpaid minimum wages at the applicable rate;

d. An equal amount of liquidated damages;

e. Judgment against Defendant stating that their violations of the FLSA were willful;

 f. To the extent liquidated damages are not awarded, an award of prejudgment interest;

 g. All costs and attorney's fees incurred in prosecuting these claims;

 h. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

 i. For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues so triable.

Dated this 4th day of December, 2014.

Respectfully submitted,

*/s/ Luis A. Cabassa / Brandon J. Hill*

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct Dial: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct Dial: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: mkimbrou@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiffs**